UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROY MARTIN,                          §
                                     §
    Plaintiff,               §
                                     §
v.                                   §       CIVIL ACTION NO. 3:20-CV-0662-B
                                     §
CAPITAL ONE FINANCIAL                §
CORPORATION, *doing business as*     §
Capital One,                         §
                                     §
    Defendant.               §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Capital One Financial Corporation's Motion to Dismiss (Doc. 4), as well Plaintiff Roy Martin's Motion for Leave to File First Amended Petition (Doc. 11). For the reasons that follow, the Court **DENIES** Capital One's motion, and **GRANTS IN PART** and **DENIES IN PART** Martin's motion.

## I.

## BACKGROUND[1]

This cases arises from a bank's alleged improper linking of the accounts of two customers. Plaintiff Roy Martin alleges that on December 4, 2015, he opened a credit card account with Defendant Capital One Financial Corporation. Doc. 1, Notice of Removal, 12 (Compl.). Subsequently, Martin received a check, which was drawn on the Capital One account of one of Martin's customers, "for payment of services [Martin] rendered" the customer. *See id.* at 12–13. The

---

[1] The Court draws the facts from Martin's original complaint (Doc. 1, Notice of Removal, 10–16 (Compl.)).

check was for $570, and it was payable to Martin. *Id.* at 12. On December 19, 2015, Martin alleges, he called Capital One's customer service line "to verify the availability of funds" for his customer's check. *Id.* But without his knowledge, "the Capital One agent saved the routing and account number" of the customer's account "as a form of payment" for Martin's credit card account. *Id.* at 12–13. Thereafter, on December 21, 2015, Martin went to a Capital One bank to cash his customer's check. *Id.* at 13.

Subsequently, Martin made two payments on the balance of his credit card account: one on February 24, 2016, and the other on April 4, 2016. *Id.* Then, on April 7, 2016, Martin's customer called him and "accused him of stealing $110.00 from her account by making two payments to his credit card." *Id.* Martin told his customer he did not use her account, and he "immediately called Capital One to get more information about the accusations." *Id.* During Martin's call with a Capital One agent, the agent "assured [Martin] that his [credit card] account was not linked" with his customer's account. *Id.* Additionally, the agent issued Martin another credit card as a precautionary measure. *Id.* Martin alleges that he then "immediately check[ed] his account to confirm that the two payments of $55.00 each were withdrawn from his checking account." *Id.*

In May 2016, Martin called Capital One to make another payment on his credit card account. *Id.* at 14. But during the call, the Capital One agent "confirmed" that Martin's customer's account "was attached as a form of payment" to Martin's credit card account. *Id.* Martin again instructed the agent that the two accounts should not be linked, and the agent again ensured Martin that his customer's account would be removed as a form of payment for Martin's account. *Id.*

At some point prior to June 8, 2016, criminal charges were filed against Martin, see *id.*, and in June 2017, Martin was "indicted for a felony offense of fraud relating to $110.00 (two $55.00 payments) to his Capital One credit card." *Id.*

As a result of these events, on February 18, 2020, Martin filed suit against Capital One in state court, alleging a breach-of-contract claim and a claim for attorneys' fees. *See id.* at 10–16.

On March 18, 2020, Capital One removed the action to this Court, asserting diversity jurisdiction. *See id.* at 1–2 (Notice). Capital One thereafter filed a motion to dismiss Martin's breach-of-contract claim on statute-of-limitations grounds. *See* Doc. 4, Def.'s Mot., 1–2.

After Martin failed to timely respond to the motion, his counsel demonstrated good cause for the untimeliness and attempted to file an amended complaint adding a non-diverse defendant—Martin's customer. *See* Doc. 8, Pl.'s Resp., 2; Doc. 9, Order, 1. Because the filing of Martin's amended complaint did not comply with Federal Rule of Civil Procedure 15, the Court struck the amended complaint and directed Martin to file a motion for leave to amend his complaint, as well as a response to the motion to dismiss. Doc. 9, Order, 1–2.

On April 24, 2020, Martin filed both his response (Doc. 10) and his motion for leave to amend (Doc. 11). Martin's motion seeks leave to amend Martin's factual allegations; name his customer, Leslye Manuel,[2] as a non-diverse defendant; allege additional claims; and amend his breach-of-contract claim. Doc. 11, Pl.'s Mot., 1–2; *compare* Doc. 1, Notice of Removal, 14–15 (Compl.), *with* Doc. 11, Pl.'s Mot., Ex. A, 4–6.

---

[2] Martin spells Manuel's name differently throughout his pleadings. *See* Doc. 11, Pl.'s Mot., Ex. A, 1. The Court will refer to her as "Manuel."

Because the Court has received all briefing on Capital One's motion to dismiss (Doc. 4) and Martin's motion for leave to amend his complaint (Doc. 11), both motions are now ripe for review.[3] Below, the Court addresses each motion in turn.

## II.

## LEGAL STANDARDS

A.   *Motion to Dismiss*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The court's review [under 12(b)(6)] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[3] Martin did not file a reply brief in support of his motion, and his deadline to do so has passed.

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (cleaned up). Finally, "[a]lthough dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).

B.   *Motion for Leave to Amend*

  1.   <u>Leave to amend generally</u>

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend "is by no means automatic," courts should only deny leave for a substantial reason such as "bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment . . . ." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992) (citations omitted); *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted). Courts should also consider the factors of judicial economy and the most expeditious means to resolve the case on its merits. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Ultimately, "the decision to grant or deny leave to amend lies within the sound discretion of the district court." *Little*, 952 F.2d at 846 (citations omitted).

### 2.   Leave to add a non-diverse party

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Further, when presented with a proposed amendment to add a non-diverse party that would destroy federal subject matter jurisdiction in a removed case, the district court must scrutinize such amendment "more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "[T]he district court . . . should use its discretion in deciding whether to allow that party to be added." *Id.* (citations omitted). Courts in the Fifth Circuit apply the following factors, first enunciated in *Hensgens*, to determine whether to permit joinder of non-diverse parties: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

### III.

### ANALYSIS

A.   *Capital One's Motion to Dismiss*

Capital One moves to dismiss Martin's breach-of-contract claim as barred by the applicable statute of limitations. Doc. 4, Def.'s Mot., 2–3.

When exercising diversity jurisdiction, this Court follows Texas law to determine the applicable statute of limitations. *See Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011) (citation omitted). Texas has a four-year statute of limitations for breach-of-contract claims. *See Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam) (citing Tex. Civ. Prac. & Rem. Code

§ 16.051). Further, under Texas law, "[t]he accrual of a breach of contract claim is governed by the legal injury rule," under which "a cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citations omitted). A legal injury is "an injury giving cause of action by reason of its invasion of a plaintiff's right." *Id.* (citation omitted). Thus, generally, breach-of-contract claims "accrue when the contract is breached." *Id.* (quoting *Hoover v. Gregory*, 835 S.W.2d 668, 677 (Tex. App.—Dallas 1992, writ denied)).

Because Martin alleges that Capital One breached a contract with him in 2015, and Martin brought his breach-of-contract claim on February 18, 2020, Capital One asserts that Martin's claim is barred by the four-year statute of limitations. Doc. 4, Def.'s Mot., 2–3.

Martin, however, raises the discovery rule and contends that his claim accrued "in [June] 2017 when he learned he had been indicted for felony criminal charges." *See* Doc. 10, Pl.'s Resp., 6.

In response, Capital One contends that Martin has failed to timely raise the discovery rule and, in any event, the discovery rule fails to revive his time-barred claim. Doc. 14, Def.'s Reply, 3.

The Court addresses each of Capital One's arguments below. Because the Court concludes that Martin has adequately raised the discovery rule and lacks the evidence necessary to determine whether it applies to this case, the Court declines to dismiss Martin's complaint based on the statute of limitations.

1.　　Whether Martin waived the discovery rule

As a preliminary matter, the Court must address Capital One's argument that Martin waived the discovery rule by failing to mention it in his complaint. *See* Doc. 14, Def.'s Reply, 3. In federal

court, a plaintiff does not waive the discovery rule by failing to specifically plead it in his complaint, so long as he pleaded "facts that were sufficient to notify [the defendant] that [he] may assert the discovery rule . . . ." *See Anarkali Enters., Inc. v. BP Chaney, LLC*, 2019 WL 5537241, at *1 (N.D. Tex. Oct. 25, 2019); *see also TIB—The Indep. BankersBank v. Canyon Cmty. Bank*, 13 F. Supp. 3d 661, 668 (N.D. Tex. 2014) (citations omitted) (finding the plaintiff's allegation of unawareness of the alleged breach of contract until a specific date "sufficient to invoke the discovery rule").

Although a close call, the Court concludes Martin's complaint has sufficiently put Capital One on notice that Martin may assert the discovery rule. Martin's complaint states that "[*u*]*nbeknowst* to [Martin], the Capital One agent saved the routing and account number to [his] credit card account as a form of payment for [his] credit card" in December 2015. Doc. 1, Notice of Removal, 12–13 (Compl.) (emphasis added). Further, Martin alleges that his customer called him about the two payments at issue in April 2016, at which point he called Capital One to ensure that his credit card account was not linked to his customer's account. *Id.* at 13. "Immediately," he also "check[ed] his account to confirm that the two payments . . . were withdrawn from his checking account." *Id.*

Because these allegations suggest that Martin was aware of the breach, at the earliest, in April 2016 upon the call from his customer, Martin has pleaded facts sufficient to raise the discovery rule. *See TIB—The Indep. BankersBank*, 13 F. Supp. 3d at 668.

2.   Whether the discovery rule applies to defer accrual of Martin's claim

Now, the Court turns to the application of the discovery rule here. The discovery rule is an exception to the statute of limitations that "operates to defer accrual of a cause of action until the plaintiff knows, or by exercising reasonable diligence, should know of the facts giving rise to the

claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (citation omitted). Texas courts limit the application of the discovery rule "to exceptional cases . . . ." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (citation omitted). The rule applies only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Wagner & Brown*, 58 S.W.3d at 734 (citation omitted). "An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.* at 734–35 (citation omitted). Whether an injury is inherently undiscoverable is determined "on a categorical basis"; thus, the Court must examine whether Martin's injury "is 'the type of injury that generally is discoverable by the exercise of reasonable diligence.'" *Id.* at 735 (citations omitted).

At this stage of proceedings, the Court lacks sufficient evidence to make this determination. Martin's allegations that he "called Capital One to get more information" about his customer's accusations and that he was "assured . . . that his account was not linked with [his customer's account" plausibly suggest his inability to discover the linking of the accounts. *See* Doc. 1, Notice of Removal, 13 (Compl.). Thus, some of Martin's allegations support application of the discovery rule to his injury.

On the other hand, Capital One contends that Martin had access to his credit card account and thus was aware of the alleged breach in December 2015. Doc. 14, Def.'s Reply, 2–3. If this is true, Martin could have discovered the alleged breach at that time. Further, the Court is not persuaded by Martin's suggestion that his claim accrued only upon learning of his indictment in 2017, *see* Doc. 10, Pl.'s Resp., 6, given that his customer called him about the linking of the accounts in April 2016. *See* Doc. 1, Notice of Removal, 13 (Compl.).

But resolving all doubts in favor of Martin, this Court cannot conclusively determine that the discovery rule is inapplicable here. And if the discovery rule applies to this case, Martin's breach-of-contract claim is timely.[4] Thus, the Court declines to dismiss the claim and **DENIES** Capital One's motion to dismiss.[5]

B.    *Martin's Motion for Leave to Amend*

Below, the Court addresses Martin's motion for leave to amend his complaint. In sum, the Court first denies Martin leave to add Manuel as a defendant, because Martin's claims against Manuel are not viable. Second, the Court grants Martin leave to amend his factual allegations and breach-of-contract claim against Capital One. Finally, the Court denies Martin's request to amend insofar as he seeks to assert additional claims against Capital One. Specifically, the Court concludes that Martin has failed to state a Texas Deceptive Trade Practices Act (DTPA) or fraud claim, and his malicious prosecution claim is time-barred.[6]

1.    Whether Martin may add Manuel, a non-diverse defendant

In his proposed amended complaint, Martin seeks to name Manuel as a non-diverse defendant. Doc. 11, Pl.'s Mot., Ex. A, 1.

---

[4] Regardless of whether Martin knew or should have known of the breach in April 2016 or June 2017, if the discovery rule applies, the four-year statute of limitations would not operate to bar Martin's breach-of-contract claim until at least April 2020. And Martin brought his claim on February 18, 2020. *See* Doc. 1, Notice of Removal, 10 (Compl.).

[5] The Court does not purport to decide whether the discovery rule applies to the facts of this case. Thus, the Court's reasoning here does not preclude Capital One from re-asserting the statute-of-limitations defense later in the proceedings.

[6] Based on these conclusions, the Court need not address Capital One's arguments that: (1) Martin failed to articulate the legal grounds for his request to add new claims, or (2) Martin's DTPA and fraud claims are time-barred. *See* Doc. 15, Def.'s Resp., 3, 5.

As stated above, when considering whether to allow joinder of a non-diverse defendant, the Court applies the *Hensgens* factors: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182.

The viability of a plaintiff's claim against the proposed non-diverse defendant is a relevant consideration for the Court when analyzing the first and third *Hensgens* factors. *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 564 & n. 6 (W.D. Tex. 2012) (citations omitted). As to the first factor, courts have held that when a plaintiff states a viable claim against a non-diverse defendant it is "unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction." *McNeel v. Kemper Cas. Ins.*, 2004 WL 1635757, at *2 (N.D. Tex. July 21, 2004) (citations omitted). Likewise, with respect to the third factor, the Fifth Circuit has stated that a plaintiff cannot be "significantly injured" by a court's refusal to permit a clearly meritless claim from proceeding against a non-diverse defendant. *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010).

Here, based on application of the *Hensgens* factors, the Court does not permit Martin to join Manuel as a defendant.

As for the second factor, whether Martin has been dilatory in seeking amendment, the Court concludes he has not: Martin sought leave to amend roughly one month after removal and two months after he filed his state-court petition. *See* Doc. 11. Pl.'s Mot.; Doc. 1, Notice of Removal; *see also McNeel*, 2004 WL 1635757, at *3 (finding a plaintiff was not dilatory in seeking leave to amend when the plaintiff did so less than five months after filing her state-court complaint and six weeks

after removal). Thus, the Court rejects Capital One's argument that Martin unduly delayed in seeking leave to amend. *See* Doc. 15, Def.'s Resp., 3–4, 9.

Nevertheless, because Martin has not alleged a viable claim against Manuel in his proposed amended complaint, the first and third *Hensgens* factors favor denial of leave to join Manuel. *See McNeel*, 2004 WL 1635757, at *2; *Wilson*, 602 F.3d at 368. The Court explains why Martin's DTPA, fraud, and malicious prosecution claims against Manuel are not viable below.

### a. DTPA claim

In his proposed amended complaint, Martin brings a claim against Manuel under the DTPA. Doc. 11, Pl.'s Mot., Ex. A, 4 (citing Tex. Bus. & Comm. Code § 17.41 *et seq.*). But to sufficiently allege a DTPA claim, Martin must allege, among other elements, that he "is a consumer under the DTPA with respect to [his] claim against [Manuel.]" *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002). Under the DTPA, a "consumer" is "an individual . . . who seeks or acquires by purchase or lease, any goods or services . . . ." Tex. Bus. & Comm. Code § 17.45(4).

With respect to Martin's claim against Manuel, Martin has not alleged that he sought or acquired any goods or services. *See* Doc. 11, Pl.'s Mot., Ex. A, 4. Further, none of the facts alleged by Martin even suggest that he was a consumer with respect to a transaction with Manuel. *See id.* at 2–4 (alleging that Manuel was Martin's customer and that she falsely accused him of identity theft, leading to criminal charges filed against Martin). Thus, Martin does not state a viable claim against Manuel under the DTPA.

### b. Fraud claim

Next, Martin alleges a fraud claim against Manuel. *See id.* at 5. Martin alleges that "Defendants made false representations of material facts to Plaintiff [that] his private customer

information was kept confidential and separate from other customer information . . . ." *Id.* But Martin's proposed amended complaint is devoid of any fact suggesting that Manuel made such representations to Martin. *See id.* at 2–4.[7] Accordingly, Martin's fraud claim against Manuel is not viable.

c. *Breach-of-contract claim*

Martin also alleges a breach-of-contract claim against Manuel in his proposed amended complaint. *See* Doc. 11, Pl.'s Mot., Ex. A, 5. Under Texas law, a breach-of-contract claim requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Here, Martin has not alleged a contract between him and Manuel, nor performance by Martin or a breach of that contract by Manuel. *See* Doc. 11, Pl.'s Mot., Ex. A, 2–4. Thus, Martin lacks a viable breach-of-contract claim against Manuel.

d. *Malicious prosecution claim*

Finally, Martin seeks to bring a malicious prosecution claim against Manuel. *See id.* at 6. Under Texas law, malicious prosecution claims are subject to a one-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.002(a). Further, "[a] malicious prosecution claim accrues on the date

---

[7] This is one of multiple insufficiencies in Martin's fraud allegations, as the Court explains below when analyzing Martin's proposed fraud claim against Capital One in light of Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. But with respect to Martin's fraud claim against Manuel, the complete lack of factual allegations implicating Manuel suffices to demonstrate that the claim is meritless.

the prosecution ends," which is "when the formal criminal proceedings are terminated." *Greer v. Wal-Mart Stores, Inc.*, 2017 WL 6512558, at *2 (N.D. Tex. Dec. 19, 2017) (citations omitted).

In his proposed amended complaint, Martin alleges that the criminal charges against him were dismissed on January 17, 2019. Doc. 11, Pl.'s Mot., Ex. A, 2–4.  Thus, the one-year statute of limitations for his malicious prosecution claim expired on January 17, 2020. Because Martin did not attempt to bring this claim until April 24, 2020, and Martin has not alleged any basis for tolling the statute of limitations on this claim, Martin's malicious prosecution claim is time-barred based on the face of his proposed amended complaint.[8] Accordingly, this claim against Manuel lacks merit.

Overall, because none of Martin's claims against Manuel are viable, the Court concludes that both the first and third *Hensgens* factors weigh against permitting joinder of Manuel. *See McNeel*, 2004 WL 1635757, at *2; *Wilson*, 602 F.3d at 368. Consequently, the Court **DENIES** Martin leave to name Manuel as a defendant.[9]

> 2.    <u>Whether Martin may amend his factual allegations and breach-of-contract claim</u>

Martin also seeks to revise the factual allegations in his complaint and re-phrase his breach-of-contract claim against Capital One. Doc. 11, Pl.'s Mot., 1; *compare* Doc. 1, Notice of Removal, 14–15 (Compl.), *with* Doc. 11, Pl.'s Mot., Ex. A, 4–6.

---

[8] Even assuming, for the sake of argument, that Martin's malicious prosecution claim could relate back to his original state-court petition under Federal Rule of Civil Procedure 15(c), his claim is still untimely, because he did not file his petition until February 18, 2020. *See* Doc. 1, Notice of Removal, 10 (Compl.).

[9] As a result, insofar as Martin moves the Court to remand this case to state court, see Doc. 11, Pl.'s Mot., Ex. A., 2, the Court denies this request.

Though Capital One does not specifically address these amendments in its response, Capital One does contend that Martin's failure to adequately support his request for leave to amend warrants denial. *See* Doc. 15, Def.'s Resp., 3.

Given that Martin attached a proposed amended complaint to his motion, the Court rejects Capital One's argument. *Cf. Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590–91 (5th Cir. 2016) (explaining that the movant must "give the court some notice of the nature of his . . . proposed amendments" and noting that generalized requests for leave to amend, standing alone, do not provide sufficient notice) (citations omitted)).

Further, because this is Martin's first motion for leave to amend, and the Court has no substantial reason for denying leave to amend the factual allegations or the breach-of-contract claim, the Court **GRANTS** Martin's motion insofar as he seeks to amend these portions of his complaint.

But comparing Martin's original complaint with his proposed amended complaint, the Court notes that Martin's factual allegations of the improper account linking, as set forth in his proposed amended complaint, appear less detailed than those in his original complaint. *Compare* Doc. 1, Notice of Removal, 12–14 (Compl.), *with* Doc. 11, Pl.'s Mot., Ex. A, 2–4. For example, while Martin's original complaint explains how he initially became aware of the alleged improper transfers, see Doc. 1, Notice of Removal, 13 (Compl.), his proposed amended complaint is devoid of such an allegation. *See generally* Doc. 11, Pl.'s Mot., Ex. A. Thus, while the Court grants Martin leave to amend his factual allegations, the Court warns Martin that by doing so, the Court in no way ratifies the sufficiency of Martin's allegations as set forth in his proposed amended complaint.

3.      Whether Martin may add new claims against Capital One

In his proposed amended complaint, Martin also seeks to bring three additional claims against Capital One: (1) DTPA violations; (2) fraud; and (3) malicious prosecution. Below, the Court explains why each proposed claim would be futile and thus denies Martin leave to assert these claims against Capital One.

a.      DTPA claim

In his proposed amended complaint, Martin alleges violations of several provisions of the DTPA. *See* Doc. 11, Pl.'s Mot., Ex. A, 4–5. But Martin has not alleged his consumer status with respect to his claims against Capital One, see *supra* Section III.B.1.a, nor has he offered any factual allegations to support these violations. Namely, though he asserts that Capital One made misrepresentations "concerning the need for parts, replacement, or repair service," his complaint lacks any factual allegations to support this conclusory assertion. *See* Doc. 11, Pl.'s Mot., Ex. A, 2–5. Likewise, Martin alleges Capital One made misrepresentations about the performance of services on goods, yet Martin does not explain the goods, nor the services, at issue here. *See id.* at 5. Next, Martin alleges that Capital One breached "the following warranty"—yet thereafter alleges no warranty. *See id.* Finally, Martin states that Capital One's "conduct represented an unconscionable action," but he offers no explanation for this conclusion. *Id.* Thus, each of the DTPA violations alleged by Martin in his proposed amended complaint is conclusory and lacks factual substantiation.

Accordingly, Martin's proposed DTPA claims against Capital One would be futile, see *Goldstein*, 340 F.3d at 254, and the Court **DENIES** Martin leave to amend his complaint to bring a DTPA claim against Capital One.

-16-

   b.   *Fraud claim*

Next, Martin alleges a fraud claim against Capital One in his proposed amended complaint. *See* Doc. 11, Pl.'s Mot., Ex. A, 5. Federal Rule of Civil Procedure 9(b) provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In the Fifth Circuit, the Rule 9(b) standard "require[s] specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they are fraudulent." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citation omitted); *see also Southland Secs. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (citation omitted).

In alleging his fraud claim, Martin states that Capital One "made false representations of material facts to [Martin] that his private customer information was kept confidential and separate from other customer information when he attempted to use his own account to make transactions." Doc. 11, Pl.'s Mot., Ex. A, 5. The factual allegations of Martin's proposed amended complaint, however, never mention this statement—much less who made it, when it was made, or why it is false. *See id.* at 2–4. Thus, Martin has insufficiently alleged fraud in his proposed amended complaint. *See Plotkin*, 407 F.3d at 696; *Melder*, 27 F.3d at 1100 n.5.

As a result, the Court concludes Martin's fraud claim would be futile and **DENIES** Martin leave to amend his complaint to add a fraud claim against Capital One.

   c.   *Malicious prosecution claim*

Lastly, Martin seeks leave to bring a malicious prosecution claim against Capital One. *See* Doc. 11, Pl.'s Mot., Ex. A, 6. But as the Court has already explained, Martin's claim is barred by the

applicable one-year statute of limitations. *See supra* Section III.B.1.d. Consequently, the Court **DENIES** Martin leave to allege a malicious prosecution claim against Capital One.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Capital One's motion to dismiss (Doc. 4). Further, the Court **GRANTS IN PART** and **DENIES IN PART** Martin's motion for leave to amend his complaint (Doc. 11). Specifically, the Court denies Martin's motion to the extent he seeks to name Manuel as a defendant and assert new claims against Capital One. But insofar as Martin seeks to amend his factual allegations and his breach-of-contract claim against Capital One, the Court grants him leave to do so.

Thus, the Court **ORDERS** Martin to file a first amended complaint in compliance with this Order within **fourteen days** of the date of this Order. From the date of Martin's filing, Capital One has **twenty-one days** to file an answer or motion to dismiss pursuant to Federal Rule of Civil Procedure 12.

SO ORDERED.

SIGNED: June 2, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-18-